[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision on Motion of Attorney General Richard Blumenthal for Permission to Appear as Amicus Curiae on Behalf of the People of the State of Connecticut and the State of Connecticut
 I INTRODUCTION
The above captioned matter is an appeal by the office of consumer counsel ("consumer counsel") from a final decision by the department of public utility control ("department") on an application filed with it by Yankee Gas Services Company ("Yankee"). Attorney General Richard Blumenthal has filed a motion for permission to appear as an amicus curiae in this matter "on behalf of the people of State of Connecticut and the State of Connecticut for the limited purpose of submitting . . . [a] brief and presenting oral argument." Yankee opposes the motion, the department takes no position on it and consumer counsel has no objection to it.
 II DISCUSSION A Amicus Briefs in the Superior Court
Our Supreme Court has approved the Superior Court's granting permission to file amicus curiae briefs, if the information to be provided "is timely, useful or otherwise necessary to the administration of justice." (Internal quotation mark omitted.) Thalheim v. Greenwich, 256 Conn. 628,645 (2001), quoting 4 Am.Jur.2d, Amicus Curiae § 3 (1995). CT Page 12109
 B Authority of Attorney General To Appear as Amicus Curiae
If the attorney general has authority to appear as an amicus curiae, that authority must be derived from one of the following: our constitution; the common law; or, the general statutes.
 1 Constitutional Basis
While frequently described as a constitutional officer, the office of attorney general was created by statute (now General Statutes § 3-125) in 1897. Not until 1970 did the Connecticut constitution take note of the attorney general, and when it now references the attorney general, it does so only to establish when the election of the attorney general will be conducted. Conn. Const., amend. I. In short, the duties and functions of the attorney general, in contradistinction to those of the governor, lieutenant-governor, treasurer, secretary of the state and comptroller (Conn. Const., art. IV), are neither enumerated nor described in our constitution but, rather, are prescribed in General Statutes § 3-125. Accordingly, the attorney general derives no authority to appear as an amicus curiae from our constitution.
 2 Common Law Basis
In Blumenthal v. Barnes, 261 Conn. 434 (2002), our Supreme Court held that "the office of the attorney general . . . has no common-law authority." Id., 463. Accordingly, the common law does not authorize the attorney general to appear as an amicus curiae.
 3 Statutory Basis
General Statutes § 3-125 provides, in excerpted form, that the attorney general "shall appear for the state, the Governor, the Lieutenant Governor, the Secretary, the Treasurer and the Comptroller, and for all heads of departments and state boards, commissioners, agents, inspectors, committees, auditors, chemists, directors, harbor masters and institutions and for the State Librarian in all suits and CT Page 12110 other civil proceedings . . . in which the state is a party or is interested. . . ."
Whether § 3-125 authorizes the attorney general to appear as an amicus curiae "on behalf of the people of the State of Connecticut and the State of Connecticut" in this case requires a two part analysis: first, whether there is statutory authority for the attorney general to appear as an amicus curiae; and, second, whether the attorney general can appear on behalf of the "people of the State of Connecticut and the State of Connecticut" in a case in which the attorney general has already appeared for the department.
 Authority to Appear as Amicus Curiae
Section 67-7 of the Practice Book provides, in relevant part, "if an appeal in a noncriminal matter involves an attack on the constitutionality of a state statute, the attorney general may appear and file a brief amicus curiae as of right." The Practice Book is a creature of our judges. Accordingly, it can govern the conduct and appearances of the attorney general, as an officer of the court, before the courts, just as it governs the conduct and appearances of all attorneys before the courts. However, the Practice Book cannot invest in the attorney general, who is a creature of statute, an authority not granted by statute. Nonetheless, by establishing conditions under which the attorney general can appear in court as an amicus curiae, the Practice Book impliedly, and necessarily, acknowledges that the statute which creates the attorney general also grants to the attorney general the authority to make such appearances, when permitted to do so by the courts.
To the same effect is footnote 3 to Justice Palmer's concurring opinion in Stamford Hospital v. Vega, 236 Conn. 646, 667-68 (1996), in which he notes: "It is not uncommon for this court to request the submission of amicus briefs, and we have previously asked the state to do so. See, e.g., Associated Investment Co. Ltd. Partnership v. Williams AssociatesVI, 230 Conn. 148, 151 n. 2, 645 A.2d 505 (1994)." The extension of invitations by our Supreme Court to the attorney general to appear before it as an amicus curiae is further judicial acknowledgment and recognition of the attorney general's statutory authority to make amicus appearances.
 Appropriate Clients
Section 3-125 of the General Statutes directs the attorney general to appear "for the state" and for all state officers and agencies. Accordingly, there is express authority for the attorney general to CT Page 12111 appear in this case, in the words of the subject motion, "on behalf of the State of Connecticut." Quaere, whether § 3-125 authorizes the attorney general to appear "on behalf of the people of the State of Connecticut", as he seeks to do in this case.
In Levitt v. Attorney-General, 111 Conn. 634 (1930), the court observed that the attorney general "must . . . fulfill . . . his duty as a lawyer to protect the interest of his client, the people of the state." Id., 641.
In Commission on Spec. Revenue v. Freedom of Information Commission,174 Conn. 308 (1978), the court cited with approval the above excerpt from Levitt, and then it went on to observe: "This special status of the attorney general — where the people of the state are his clients — cannot be disregarded in considering the application of the provisions of the code of professional responsibility to the conduct of his office." Id., 319.
From Levitt and Special Revenue, it is clear that § 3-125
authorizes the attorney general to appear for the people of the state of Connecticut.
The appearances for the department in this case are by "Robert S. Golden, Jr., Assistant Attorney General, Office of the Attorney General" and "Robert L. Marconi, Assistant Attorney General, Office of the Attorney General." Obviously, the amicus appearance of the attorney general on behalf of the people and/or the state would pose the prospect of conflicting representations.
The issue of the attorney general's representing different state agencies in the same matter was addressed in Commission on Spec. Revenuev. Freedom of Information Commission, supra, 174 Conn. 308, where the court said:
 Clearly, on the bare face of the record, the formal appearance of the attorney general for both commissions on the appeals to the Court of Common Pleas and to this court seems anomalous and contrary to the ethical considerations underlying Canon 5 which is obviously based on the biblical maxim that "no man can serve two masters." Matthew 6:24. We are, however, not limited to consideration of the superficial seemliness of the dual appearances. An examination of the particular circumstances of the case, the unique position which is held by the CT Page 12112 attorney general and his relationship to the contesting commissions has convinced us that the trial court was in error and that the attorney general has not been guilty of any professional impropriety.
Id., 318. From Commission on Spec. Revenue, it is clear that the attorney general's office may appear for opposing state agencies in the same case.
 C Exercise of Court's Discretion
From the authorities cited above, the court concludes that the attorney general enjoys statutory authority to make the amicus curiae appearance for which permission is sought. Therefore, the issue posed is whether the court will exercise its discretion to grant that permission.
The appeal was signed by "Jennifer L. Emma, Esq. Staff Attorney Office of Consumer Counsel," on behalf of "Office of Consumer Counsel [and] Mary J. Healey, Consumer Counsel," and an assistant attorney general has appeared in this case on behalf of the department. Accordingly, the state treasury is already financing both the prosecution and defense of this appeal by counsel who are experienced in matters of this type. The court is not persuaded that the participation of additional counsel would better illuminate the issues in this case, and so the court declines to exercise its discretion to permit an amicus appearance by the attorney general.
 III CONCLUSION
The motion is denied.
 ___________________ G. Levine, J.
CT Page 12113